IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RANDALL TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-00003 |
| | ) Judge Trauger / Frensley |
| TONY PARKER, et al., | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

## I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Arthur Bellott, M.D. ("Defendant").[1] Docket No. 76. Along with his Motion, Defendant has filed a supporting Memorandum of Law. Docket No. 75.

Plaintiff has not responded to Defendant's Motion to Dismiss.

Plaintiff filed the Amended Complaint in this pro se, in forma pauperis action on December 10, 2018, pursuant to 42 U.S.C. § 1983, alleging that Defendant was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Docket No. 70. Plaintiff sues Defendant in his official capacity,[2] seeking $450,000.00 in compensatory and

---

[1] None of the other Defendants have joined in the instant Motion; thus, the undersigned will discuss only those allegations Plaintiff avers relating to Defendant Bellott.

[2] Plaintiff's Amended Complaint does not state the capacity in which he sues Defendants; accordingly, Plaintiff is deemed to sue Defendants solely in their official capacity. *Wells v. Brown*, 891 F.2d 591, 592-594 (6th Cir. 1989) (plaintiffs, including pro se prisoners, are required to specify in their §1983 actions that they are suing state defendants in their individual capacities for damages; if a plaintiff does not specify the capacity in which a defendant is sued, the Court presumes that the defendant is being sued in his official capacity).

punitive damages. *Id.*

Defendant filed the instant Motion and supporting Memorandum of Law arguing that Plaintiff's Amended Complaint fails to state a claim against him for which relief can be granted because: (1) Plaintiff's allegations against him are conclusory; (2) Plaintiff fails to allege with any specificity that Defendant was involved in Dr. Johnson's decision to discontinue Plaintiff's Neurontin prescription; and (3) Plaintiff has failed to exhaust his administrative remedies with regard to his claims against Defendant as required under the Prison Litigation Reform Act, 42 U.S.C. §1997e(a) . Docket Nos. 75, 76. Defendant seeks dismissal of Plaintiff's claims against him and further asks that "costs be taxed to the Plaintiff, for which execution may issue." Docket No. 76, p. 2.

For the reasons set forth below, the undersigned finds that Plaintiff's Amended Complaint has failed to state a claim against Defendant Bellott for which relief can be granted. Accordingly, the undersigned recommends that Defendant Bellott's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 76) be GRANTED, that Plaintiff's claims against Defendant Bellott be DISMISSED, and that Defendant Bellott be TERMINATED as a party in this action.

## II. Allegations of Plaintiff's Amended Complaint[3]

Plaintiff's allegations against Defendant Bellott, in their entirety, are as follows:

> Doctor Bellot was working in concern with Dr. Johnson to deny
> the plaintiff medical treatment. Doctor Bellot stated it were Dr.
> Johnson taking me off my medication. When I did see Doctor
> Bellot he would never bring my medical file with him. In fairness
> to Doctor Bellot plaintiff located a letter he wrote Dr. Bellot dated

---

[3] As has been noted, because none of the other Defendants have joined in the instant Motion, the undersigned will discuss only those allegations Plaintiff avers relating to Defendant Bellott.

> 2-2-2017 in that he did place me back on neurotin for thirty days. .
> . . I also file grievance on Dr. Bellot but that grievance was not
> process by grievance Chairperson. . . .
> . . .
> Doctor Bellot did not come to my segregation on 1-18-2018. . . .

Docket No. 70, pp. 1-2.

### III.  Law and Analysis

**A.  Motion to Dismiss:  Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.  *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Id.*  A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face."  *Id*. at 1965, 1974.  *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*.  First,
> the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.

> Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**B.  42 U.S.C. § 1983**

**1.  Generally**

Plaintiff alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Docket No. 70.  Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331 (1986)); *Flagg Bros., Inc. v. Brooks,* 436

4

U.S. 149, 155 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326 (1941).

### 2. Eighth Amendment

#### a. Generally

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

#### b. Deliberate Indifference To Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104.

5

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate

6

indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994)).

**C. The Case at Bar**

Taking the allegations of Plaintiff's Amended Complaint as true, as the Court must do at this stage in the proceedings, Plaintiff's allegation that "Doctor Bellot was working in concern with Dr. Johnson to deny the plaintiff medical treatment" is conclusory and insufficient to establish that Defendant Bellott was deliberately indifferent to Plaintiff's serious medical needs. Additionally, Plaintiff's allegations that Defendant Bellott "would never bring my medical file with him" and "did not come to my segregation on 1-18-2018" are insufficient to state a claim upon which relief can be granted because Plaintiff does not have a constitutional right to have the doctor bring his medical file into an appointment or to have the doctor visit him in segregation on a particular date.

As to Plaintiff's allegation that Defendant Bellott actually placed Plaintiff back on his medication for thirty days, this allegation, taken as true, shows that Defendant Bellott responded to Plaintiff's request and provided medical treatment, in direct contravention of being

7

deliberately indifferent to a serious medical need. Thus, Plaintiff's Amended Complaint has failed to state a claim of deliberate indifference against Defendant Bellott.

## IV. Conclusion

For the foregoing reasons, the undersigned finds that Plaintiff's Amended Complaint has failed to state a claim against Defendant Bellott for which relief can be granted. Accordingly, the undersigned recommends that Defendant Bellott's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 76) be GRANTED, that Plaintiff's claims against Defendant Bellott be DISMISSED, and that Defendant Bellott be TERMINATED as a party in this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge