# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| RANDALL TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00003 |
| ) | Judge Trauger / Frensley |
| TONY PARKER, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim filed pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Jonathan Lebo, Johnny Fitz, Charles Sweat, and Clayton Taylor ("Defendants"). Docket No. 98. Along with their Motion, Defendants have filed a supporting Memorandum of Law. Docket No. 99.

Plaintiff has filed a Response to Defendants' Motion to Dismiss, as well as his unsigned, un-notarized "Affidavit." Docket Nos. 102, 103.

Plaintiff filed the Amended Complaint in this pro se, in forma pauperis action on December 10, 2018, pursuant to 42 U.S.C. § 1983. Docket No. 70. Plaintiff sues Defendants in their official capacity.[1] *Id.* Plaintiff's sole mention of the instant Defendants is, "The plaintiff seeks damages from each defendant Lebo, Fitz, Sweat and Taylor in amount of two hundred and

---

[1] Plaintiff's Amended Complaint does not state the capacity in which he sues Defendants; accordingly, Plaintiff is deemed to sue Defendants solely in their official capacity. *Wells v. Brown*, 891 F.2d 591, 592-594 (6th Cir. 1989) (plaintiffs, including pro se prisoners, are required to specify in their §1983 actions that they are suing state defendants in their individual capacities for damages; if a plaintiff does not specify the capacity in which a defendant is sued, the Court presumes that the defendant is being sued in his official capacity).

fifty thousand dollars compensatory and punitive damages." *Id.* at 2.

Defendants filed the instant Motion and supporting Memorandum of Law arguing that they are only named once in Plaintiff's now operative and final second Amended Complaint (Docket No. 70) and that the single reference to them is a demand for compensation. Docket Nos. 98, 99. Defendants argue that, as relative to them, the allegations of Plaintiff's second Amended Complaint are "entirely vague and conclusory and are not sufficiently specific to impute liability as to any of these Defendants under 42 U.S.C. § 1983." Docket No. 98, p. 1. Defendants argue that if they assume, infer, and attempt to extrapolate allegations from the paragraphs prior to Plaintiff's demand for compensation from them, the best they can derive is that Plaintiff alleges that one or more of the Defendants, in some unknown manner, was in some way responsible for housing Plaintiff with a gang member in violation of his Eighth Amendment rights. Docket No. 99, p. 5. Defendants contend that these unidentified, conclusory allegations are insufficient to state a claim upon which relief may be granted such that their Motion should be granted. *Id.*

Plaintiff responds that Defendants assumed housing argument is incorrect because "the only defendant that is mention [*sic*] in the amended complaint as placing the plaintiff in cell with a gang member is Jeremy Cotham" who is "not name [*sic*] in the defendants motion to dismiss." Docket Nos. 102, 103. Plaintiff also argues that Defendants have filed an Answer; that Defendants' counsel does not have standing to "assert a claim for the non state employees"; that Defendants have waived the right to challenge any prior amended complaint; and that his Amended Complaint does indeed state a claim upon which relief can be granted because "Defendants knows from past and present history of these gang members that housing non-gang

2

members with them create a serious risk of harm and death. Defendants disregard that risk and house us together any [*sic*]." Docket No. 102.[2]

For the reasons set forth below, the undersigned finds that Plaintiff's Amended Complaint has failed to state a claim against Defendants Lebo, Fitz, Sweat, and Taylor for which relief can be granted. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 98) Plaintiff's Amended Complaint be GRANTED, that Plaintiff's claims against Defendants Lebo, Fitz, Sweat, and Taylor be DISMISSED, and that Defendants Lebo, Fitz, Sweat, and Taylor be TERMINATED as parties in this action.

## II. Allegations of Plaintiff's Amended Complaint[3]

Plaintiff's sole mention of the instant Defendants, in its entirety, is as follows:

> The plaintiff seeks damages from each defendant Lebo, Fitz, Sweat and Taylor in amount of two hundred and fifty thousand dollars compensatory and punitive damages.

Docket No. 70, p. 2.

## III. Law and Analysis

### A. Motion to Dismiss: Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim

---

[2] In Plaintiff's unsigned, un-notarized "Affidavit," he argues that Defendants, while acting under color of state law, "did violated the Plaintiff right secured by the constitution and laws of the united states" and further maintains that he was assaulted by gang members and sustained injury as a result. Docket No. 103. Plaintiff additionally argues that Defendants knew "by past and present history of these gang members that housing non-gang member inmates created a substantial risk of serious harm and death they disregard that risk and houses us together any way." *Id.*

[3] As has been noted, because none of the other Defendants have joined in the instant Motion, the undersigned will discuss only those allegations Plaintiff avers relating to Defendant Bellott.

3

upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**B.  42 U.S.C. § 1983**

Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978).  The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326 (1941).

**C.  The Case at Bar**

Taking the allegations of Plaintiff's second Amended Complaint as true, as the Court must do at this stage in the proceedings, Plaintiff seeks compensatory and punitive damages from each of the instant Defendants.  Docket No. 70, p. 2.  Plaintiff's second Amended Complaint fails to proffer specific allegations against any of the instant Defendants.  Absent such, Plaintiff

5

cannot establish either that his constitutional rights were violated or that any of the instant Defendants were responsible.

Moreover, because Plaintiff is deemed to sue the instant Defendants solely in their official capacity, Defendants stand in the shoes of the entity they represent, which is the State of Tennessee. *See Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000), *citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). The law is well-settled that the State is not a person amenable to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

## IV. Conclusion

For the foregoing reasons, the undersigned finds that Plaintiff's Amended Complaint has failed to state a claim against Defendants Lebo, Fitz, Sweat, and Taylor for which relief can be granted. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 98) be GRANTED, that Plaintiff's claims against Defendants Lebo, Fitz, Sweat, and Taylor be DISMISSED, and that Defendants Lebo, Fitz, Sweat, and Taylor be TERMINATED as parties in this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                  _____
                                                  JEFFERY S. FRENSLEY
                                                  United States Magistrate Judge