# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **RANDALL TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:18-cv-00003** |
| | ) | **Judge Aleta A. Trauger** |
| **TONY PARKER et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

The magistrate judge entered an Order (Doc. No. 106) on May 29, 2019, denying *pro se* plaintiff Randall Turner's Motion to Appoint Counsel (Doc. No. 100), and, on June 7, 2019, issued a Report and Recommendation ("R&R") (Doc. No. 109), recommending that the Motion to Dismiss (Doc. No. 98) filed by defendants Jonathan Lebo, Johnny Fitz, Charles Sweat, and Clayton Taylor (the "State defendants") be granted. Now before the court are the plaintiff's Objections to the Order and his separately filed Objections to the R&R. (Doc. Nos. 107, 110.) For the reasons set forth herein, the court will overrule both sets of Objections.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2018, the court conducted an initial review of the plaintiff's original Complaint, granted leave to proceed *in forma pauperis*, and dismissed claims against several defendants while allowing claims against others, including the State defendants, to proceed. The gravamen of the plaintiff's claims against the State defendants is that, although he is not a member of a gang, he has been targeted by gang members, and prison officials have failed in their responsibility to protect him from violence by other prisoners. The initial order notified the plaintiff that, despite issuance of process against the State defendants, the magistrate judge

retained the discretion to recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2), among which is the failure to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The plaintiff was granted leave to file an Amended Complaint in September 2018. (Doc. Nos. 55, 56, 58.) The first Amended Complaint was a single-page document that purported to extend the claims already asserted in the original Complaint against one new defendant. (Doc. No. 58.) Because the plaintiff had already filed numerous piecemeal documents and affidavits, the magistrate judge ordered him to file "one consolidated, comprehensive Amended Complaint that sets forth all allegations against all Defendants that Plaintiff wishes to litigate in this matter." (Doc. No. 66, at 5.) The plaintiff, without objecting to that order, filed his second Amended Complaint on December 10, 2018. (Doc. No. 70 (hereafter, "Complaint," except where necessary to distinguish it from prior complaints).)

The allegations in the Complaint regarding the State defendants are, verbatim, as follows:

On November 9, 2017 I was strife [sic] search two times in the kitchen restroom by three crip gang members inmate Gloss # 379551, Anderson # 264830 and one other gang member,

Because inmate Gloss lost his drugs in the restroom and he believe that I have found them. When they did not find any drugs I was assault by inmate Gloss while the other two stood by to aid him.

Plaintiff had two deep laceration over the left eye. According to the Doctor and NP conversation that I needed "specialist" but the prisoner did the have enough staff to transport me to the hospital. The Doctor put stitches in both lacerations. Defendants knows from past and present history that housing non gang members inmates with gang members created a serious risk of harm or death they disregard that risk and house us together any. Which is a violation of the plaintiff Eighth Amendment right of U.S. constitution.

The plaintiff seeks damages from each defendant, Lebo, Fitz, Sweat, and Taylor in amount of two hundred and fifty thousand dollars compensatory and punitive damages.

(Doc. No. 70, at 2.)

The State defendants filed their Motion to Dismiss and supporting Memorandum on May 16, 2019, arguing that the allegations in the Complaint are insufficiently specific to state a claim for which relief may be granted. (*See* Doc. No. 99, at 5 ("Plaintiff's allegations in the Amended Complaint, to the extent they can even be identified, are precisely the type of conclusory allegations which are insufficient to establish a cognizable cause of action, under § 1983 or on any other basis.").

In response to the defendants' Motion to Dismiss, the plaintiff filed a Motion for Appointment of Counsel (Doc. No. 101), Motion for Leave to File Amended Complaint (Doc. No. 101), Responses [sic] to Defendants Motion to Dismiss (Doc. No. 102), and Affidavit in Responses [sic] to Defendants (State) Motion to Dismiss for Failure State Claim (Doc. No. 103). Following the magistrate judge's denial of the Motion for Appointment of Counsel, the plaintiff filed Objections to that Order. The magistrate judge thereafter filed the R&R, recommending that the State defendants' Motion to Dismiss be granted. The plaintiff filed timely Objections to the R&R. (Doc. No. 110.)

## II.   STANDARD OF REVIEW

The standard of review applicable to a party's objections to a magistrate judge's ruling depends upon whether the objections pertain to a dispositive or non-dispositive matter. This court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). "'A finding [of fact] is 'clearly erroneous' when although there is evidence to support

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams Cty. Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, the district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Special Learning, Inc. v. Step by Step Acad., Inc.*, 751 F. App'x 816, 819 (6th Cir. 2018) (citations omitted). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.    DISCUSSION

### A.    Objections to the Denial of the Motion to Appoint Counsel

In addressing the Motion for Appointment of Counsel, the magistrate judge correctly observed that there is no constitutional right to counsel in civil cases and that appointment of counsel in civil cases is generally warranted only in "exceptional circumstances." (Doc. No. 106 (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993).) Finding no exceptional circumstances here, the magistrate judge denied the motion.

The plaintiff objects on the grounds that it would be fundamentally unfair not to appoint counsel in his case. He also incorporates by reference the arguments he made in the original motion: that he is indigent and incarcerated and has limited knowledge of the law.

The Order denying the motion to appoint counsel is not "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As this court already noted in denying the plaintiff's first motion to appoint counsel, the record in this case establishes that the plaintiff is capable of representing his own interests in this case. The Objections to the denial of the motion to appoint counsel (Doc. No. 100) will be overruled.

**B.        Objections to the R&R**

The plaintiff's objections are difficult to decipher but, as best the court can ascertain, the plaintiff objects to the R&R on the grounds that: (1) when he filed the Amended Complaint, he did not know that the Amended Complaint "replaced the first one. So he left out legal argument because he had already stated it in the first complaint" (Doc. No. 110, at 1); (2) the magistrate judge should have waited until the district court ruled on his objections to the denial of his motion to appoint counsel before ruling on the Motion to Dismiss; (3) the magistrate judge erred in denying the plaintiff's motion to amend the complaint to "add in the legal words to meet the 42 U.S.C. 1983 civil complaint," based on his conclusion that the defendant would be prejudiced by an amendment, because the amendment would not add any new claims and the motion was filed within the deadline for moving to amend the pleadings (*id.* at 2); (4) the magistrate judge incorrectly rejected the plaintiff's Affidavit on the grounds that it was unsigned and unnotarized; (5) when the magistrate judge quoted the plaintiff's Affidavit, he left out the important part; (6) the magistrate judge erred in concluding that the defendants would be prejudiced by allowing the plaintiff to amend his complaint as a result of undue delay; (7) the Affidavit and the Amended

Complaint, together, allege the essential elements to state a claim under 42 U.S.C. § 1983, and the magistrate judge demonstrated bias against the plaintiff when he recommended granting the State defendants' motion; (8) the magistrate judge improperly interpreted the claim that the plaintiff states against Jeremy Cothram, regarding placing non-gang members and gang members in the same *cell*, as also being asserted against the State defendants when, in fact, the claim against the State defendants is that they deliberately disregarded the danger of placing non-gang members and gang members in the same housing unit, not the same cell (Doc. No. 110, at 3); and (9) the magistrate judge incorrectly construed the Amended Complaint as stating claims against the State defendants in their official capacity only.

### 1.    *Objections Related to the Denial of the Motion to Amend Complaint*

The first, third, and sixth objections (as enumerated above) amount to belated objections to the magistrate judge's denial of the plaintiff's motion to amend the Complaint. These objections are improper because untimely: they were not filed within fourteen days of the date the plaintiff was served with the order denying the motion to amend. *See* Fed. R. Civ. P. 72(a). As a result, the plaintiff waived his right to object to the order denying the motion to amend. *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 321 (6th Cir. 2015).

Even if not waived, the plaintiff's objections are without merit. In addressing the motion to amend, the magistrate judge articulated the correct standard of review, recognizing that leave to amend pleadings should be freely granted "when justice so requires," but that leave to amend may be denied when the amendment is futile or when it would result in undue delay or prejudice to the opposing party. (Doc. No. 108, at 1–2 (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)).) The motion was denied largely because the plaintiff failed to "identify any reason for amending the Complaint or offer[] any suggestion of what additional claims he wishes to raise by way of amendment." (*Id.* at 2.) Thus, the motion

to amend appeared to be futile. The magistrate judge also found that amendment at this juncture, almost 18 months after the case was initiated and after the filing of a motion to dismiss, would unduly prejudice the defendants.

The plaintiff's contention that he did not know that the amended Complaint replaced the prior pleading cannot be squared with the unambiguous language in the order directing him to file the amended Complaint, where the magistrate judge carefully explained as follows:

> Plaintiff is advised that an amended complaint supersedes all prior complaints. Moreover, defects in an amended complaint cannot be repaired by prior unincorporated complaints. . . . Because Plaintiff's claims are strewn throughout his filings, because Plaintiff is proceeding pro se, and because the operative complaint in this action raises allegations solely against Jeremy Cotham, the undersigned finds that it is fair, just, and in the interest of judicial economy to allow Plaintiff thirty (30) days from the date of entry of this Order to file one consolidated, comprehensive Amended Complaint that sets forth all allegations against all Defendants that Plaintiff wishes to litigate in this matter. Once filed, Defendants will be put on notice of the operative claims against them and will be able to prepare their Answer or file their dispositive Motion.

(Doc. No. 66, at 4–5.) The plaintiff clearly was put on notice that his amended Complaint replaced all prior complaints and that it needed to contain all of the facts and claims the plaintiff wished to litigate.

In addition, the plaintiff still does not indicate what additional facts, if any, he would have included in the amended Complaint if he had been permitted to amend again. Instead, he expresses his understanding that the amended Complaint is deficient only insofar as it "left out the legal argument" that was included in the original pleading—specifically, that "Defendants Lego, Fitz, Sweat and Taylor while acting under color of state law, did violate[] the plaintiff['s] rights secured by the constitutional and laws of United States etc." (Doc. No. 110, at 1, 2.) That omission, however, was not the problem. Rather, the question is whether the amended Complaint contains enough *factual allegations* that, if true, would actually *show* that the defendants took

some action that violated the plaintiff's constitutional rights. Amending the complaint again simply to add legal argument or legal references would not have made any difference. The magistrate judge did not err in concluding, under the circumstances, that amendment would have been futile.

Finally, the plaintiff objects that the magistrate judge erred in denying his motion to amend because it was timely under the scheduling order and there was no showing that the defendants would have been prejudiced by the proposed amendment. If the plaintiff had filed a proposed amended complaint along with his motion to amend that incorporated the facts he sought to add, assuming that such facts actually supported his claim against the State defendants, this argument might have some traction. However, in light of the fact that the plaintiff did not articulate any of the facts he wanted to add or explain why he needed to amend his complaint, the magistrate judge's denial of the motion to amend on the grounds of futility was not clearly erroneous.[1]

### 2.    *Objections Related to the Treatment of Plaintiff's Affidavit*

The fourth, fifth, and seventh Objections concern the R&R's treatment of the plaintiff's Affidavit filed on May 28, 2019 (Doc. No. 103). As set forth above, the plaintiff objects that the magistrate judge incorrectly rejected the plaintiff's Affidavit on the grounds that it was unsigned and unnotarized, left out the important part of it when he summarized it, and failed to recognize that the Complaint, as supplemented by the Affidavit, stated a colorable claim under § 1983, thus demonstrating his prejudice against the plaintiff.

---

[1] Under this court's Local Rules, any motion to amend a pleading must "include as an appended exhibit the signed proposed amended pleading," and any amended pleading "must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." L.R. 15.01(a)(1), (b).

By definition, an affidavit is a "written or printed declaration or statement of facts, made voluntarily, and confirmed by oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Black's Law Dictionary* 36 (6th ed. abr. 1991). A declaration, on the other hand, is not required to be sworn but must, instead, be verified by the person making it as "true under penalty of perjury," dated, and signed, in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

The plaintiff's "Affidavit" in this case is actually a hybrid of a sworn affidavit and an unsworn declaration. The plaintiff calls it an "affidavit" and states in its first line that he makes the affidavit "after having been duly sworn." (Doc. No. 103, at 1.) However, it was not sworn before an officer authorized to administer such an oath—i.e., a notary. Instead, at its conclusion, the plaintiff states:

Further affiant saidth [sic] not this 24 day of May 2019.

[plaintiff's signature]

I, [plaintiff's signature], declare under penalty of perjury that foregoing is true/correct to best of my knowledge.

This 24th day of May 2019.

(*Id.* at 2.)

In a footnote, the R&R references the plaintiff's "unsigned, un-notarized 'Affidavit'" and summarizes its contents. (Doc. No. 109, at 3 n.2.) The R&R does not contain any additional references to the Affidavit.

The court agrees with the plaintiff that the document in question, although denominated an "Affidavit," meets all the required elements of an unsworn declaration set forth in 28 U.S.C.

§ 1746. It is in writing, verified and subscribed to by the person making it, and includes the magic words "I declare under penalty of perjury." Although the plaintiff's signature does not appear below the declaration, it appears just above it and within it. Under the circumstances, the fact that the signature is not repeated below the declaration does not render the declaration invalid and would not, for instance, prevent the plaintiff from being prosecuted for perjury if he were proved to have knowingly made false statements in it.

Regardless, the fact that the magistrate judge did not rely on or further cite to the Affidavit in addressing the Motion to Dismiss was not error, for several reasons. First, a motion to dismiss is to be decided on the pleadings, and, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The magistrate judge thus had no obligation to consider matters outside the pleadings. Second, as discussed above, the magistrate judge had already given the plaintiff notice that the filing of numerous piecemeal supplements and amendments was unacceptable and that his amended Complaint should contain all of the claims he intended to litigate. For the same reasons that the magistrate judge did not err in denying the plaintiff's motion to amend his complaint, it was not error to reject the plaintiff's attempt to supplement his pleading through the filing of an affidavit.

These conclusions effectively moot the plaintiff's other objections regarding the magistrate judge's treatment of his Affidavit. Regardless, they too are without merit. The Affidavit states, in relevant part, that the State defendants were "acting under the color of state law" and violated the plaintiff's constitutional rights when the plaintiff was assaulted by gang members in a bathroom at West Tennessee State Penitentiary, because the State defendants knew "by past and present history of these gang members that housing non-gang member inmates

created a substantial risk of serious harm and death they disregard that risk and house[] us together anyway." (Doc. No. 103, at 1–2.) These allegations are effectively equivalent to the factual allegations in the Complaint that the State defendants knew "from past and present history that housing non gang members inmates with gang members created a serious risk of harm or death they disregard that risk and house us together any. Which is a violation of the plaintiff Eighth Amendment right of U.S. constitution." (Doc. No. 70, at 2.) The only substantive difference between the two is the assertion in the Affidavit that the defendants were "acting under color of state law." (Doc. No. 101, at 1.) However, the plaintiff's failure to specifically allege, in the Complaint, that the State defendants were acting under color of state law is not what led to magistrate judge to recommend dismissal of the claims against the State defendants, as discussed in more detail below.

### 3. *Remaining Objections to the Recommendation that the Complaint Be Dismissed*

Finally, the plaintiff objects that the magistrate judge should have waited until the district court ruled on his objections to the denial of his motion to appoint counsel before ruling on the Motion to Dismiss; that the magistrate judge improperly interpreted the claim that the plaintiff states against Jeremy Cothram, regarding placing non-gang members and gang members in the same *cell*, as also being asserted against the State defendants when, in fact, the claim against the State defendants is that they deliberately disregarded the danger of placing non-gang members and gang members in the same housing unit, not the same cell (Doc. No. 110, at 3); and the magistrate judge incorrectly construed the Complaint as stating claims against the State defendants in their official capacity only.

The first objection is moot, because the court has overruled the objections to the denial of the motion to appoint counsel; waiting until after that ruling was issued would not have made a

difference. Moreover, the magistrate judge had no obligation to wait before issuing the R&R.

The court does not entirely understand the plaintiff's objection related to Jeremy Cothram. The State defendants, in the Memorandum in Support of the Motion to Dismiss, quoted verbatim that portion of the Amended Complaint relating to the State defendants, also quoted herein. (*See* Page 2, *supra*.) The State defendants then argued that,

> [a]ssuming the prior paragraph is intended to apply to these Defendants, the entirety of the allegations are [sic] that one or more of the Defendants, in some unknown manner, were in some way responsible for housing Plaintiff with a gang member. From this conclusory allegation, Plaintiff leaps to the next conclusory statement—offering no details at all, or specifying which Defendant did what, or when, or how—that this alone is an 8th amendment violation.

(Doc. No. 99, at 5.) In his "Responses," the plaintiff claims that the defendants' argument is misleading, because the Complaint only alleges that Jeremy Cothram is responsible for placing the plaintiff in a cell with a gang member, and Cothram did not join in the Motion to Dismiss. The R&R summarizes the State defendants' arguments as well as the plaintiff's responses, and also quotes that portion of the Complaint to which the defendants refer.

In his Objections, the plaintiff misquotes the State defendants' argument as claiming that the Complaint alleges that the State defendants were responsible for housing the plaintiff with a gang member cell mate. (Doc. No. 110, at 3.) In fact, the Complaint itself repeats essentially verbatim the same allegations against the State defendants and Jeremy Cothram. Both are alleged to "know[] from past and present history that housing non gang member inmates with gang members inmates created a serious risk of harm or death" and that they "disregard[ed] that risk and house[] us together any[way]." (Doc. No. 70, at 2, 3.) Apparently the term "housing," in the plaintiff's vernacular, can refer to both an entire unit and to a specific cell. In any event, the magistrate judge did not err in merely summarizing the parties' arguments or in quoting from the plaintiff's own Complaint.

Finally, regarding the capacity in which the State defendants are sued, the Sixth Circuit has adopted a "course of proceedings" test "to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable." *Moore v. City of Harriman*, 272 F.3d 769, 772, 773 (6th Cir. 2001). "[W]hile it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her 'individual capacity,' failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." *Id.* at 772. Application of the course-of-proceedings test requires consideration of such factors as "the nature of the plaintiff's claims, requests for compensatory or punitive damages, . . . the nature of any defenses raised in response to the complaint, . . . [and] whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued." *Id.* at 772 n.1; *see also Thomas v. Noder-Love*, 621 F. App'x 825, 831 (6th Cir. 2015) (applying "course of proceedings" test to determine that the defendant was sued in his official capacity only).

Application of the course-of-proceedings test here yields little information, because the Complaint contains so few allegations concerning the State defendants. In light of the bare-bones nature of the factual allegations, particularly the plaintiff's failure to incorporate particularized details about actions taken or not taken by the State defendants, the court cannot conclude that the magistrate judge erred in construing the Complaint as attempting to state official capacity claims only and in recommending dismissal on the grounds that such claims are barred by sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Cady v. Arenac Cty.*, 574 F.3d 334, 345 (6th Cir. 2009) (holding that official capacity claims for damages under § 1983 should be dismissed as barred by sovereign immunity).

Regardless, in light of the plaintiff's disclaimer of any intention to state official capacity claims, the court construes the Complaint as asserting claims against the State defendants in their individual capacities only. Thus construed, the Complaint still does not state enough particularized facts to articulate a viable claim. Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained that, while this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In addition, although a court must accept as true all the factual allegations in a complaint, that tenet is inapplicable to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Here, the plaintiff does not identify the State defendants in the body or even in the caption of the amended Complaint, adopting, instead, the abbreviated case caption used by the court and the defendants ("Randall Turner v. Tony Parker *et al.*"). He included slightly more information about the State defendants in the case caption of the original Complaint, where he listed and identified them by title in the case caption, as follows: "Jason Lebo, Warden Site-2 WTSP, Johnny Fitz, Associate Warden of Treatment, Charles Sweat, Chief of Security, Captain Taylor." (Doc. No. 1, at 1.) The court presumes that the plaintiff intended to incorporate that language into the caption of the amended Complaint and that the pleading adequately alleges that the State defendants are, in fact, state employees. The magistrate judge employed the same

presumption, however, and doing so only helps the plaintiff clear one hurdle: establishing that the defendants named in this § 1983 action are state actors. The question is whether the body of the Complaint shows that the defendants violated the plaintiff's constitutional rights.

In that regard, the Complaint alleges only that the defendants knew "from past and present history that housing non gang members inmates with gang members created a serious risk of harm or death" and that they disregarded that risk and "housed" the plaintiff together with gang members anyway, thus violating his constitutional right to be free from cruel and unusual punishment. (*See* Am. Compl., Doc. No. 70, at 2; Affidavit, Doc. No. 103, at 2.) This statement amounts to a "threadbare recital of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The court finds that the Complaint, even viewed in conjunction with the plaintiff's Affidavit, does not contain enough "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

IV.     **CONCLUSION**

For the reasons set forth herein, the court will overrule the plaintiff's Objections, accept the R&R with modifications as discussed herein, and grant the State defendants' Motion to Dismiss. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge